## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

William G. Hook

v.

Samuel F. Connelley

October 12, 1971

Case No. (Chancery) 14655

By JUDGE PHILIP L. RUSSO

A very logical argument may be advanced for either side of this controversy. When you examine the deed and study the words, "as tenants in common, with the right of survivorship as at common law," it can be strongly argued that the words, "with the right of survivorship as at common law" when referring to the other words, "as tenants in common" mean absolutely nothing because at common law there was no survivorship between tenants in common. This is a very scholarly argument and is one that would merit a high grade in answer to a law school question.

The other side of the argument is more practical than scholarly, namely, that it is clear that the intention of the parties was to create a survivorship situation or else why would the words, "with the right of survivorship as at common law," have been inserted in the deed. If the parties had intended for there to be a tenancy in common and that there be no survivorship, this could have been easily accomplished by simply so stating.

As appealing as is the former argument, the court is of the definite opinion that the parties intended that there be survivorship and accordingly rules in favor of the respondent.